FRANK W. THAXTER, Executor, etc., Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 4, 1907.

1. **COMMON CARRIERS: Pleading: Evidence: Admission of Carrier's Manager: Hearsay.** A consignee sued the carrier for failure to deliver the goods, and during his cross-examination a witness stated that he had been informed by the carrier's agent that the goods had been destroyed by flood. Thereupon the defendant amended its answer alleging the destruction by unprecedented flood and plaintiff replied that the flood was not the proximate cause of the loss, but the negligence of the carrier. *Held*, the evidence was incompetent under any view of the pleadings and there was no proof of the destruction of the goods.

2. —— **Delivery: Demand: Pleadings.** Where the petition alleged demand and refusal to deliver and the answer denied and set up a loss of the goods by unprecedented flood which was put in issue by the reply, it was incumbent upon the plaintiff to prove demand and failure to deliver.

3. ——: ——: ——: **Prima Facie Case.** The rule that where the delivery of the goods to the carrier is shown and the subsequent loss thereof the plaintiff makes a prima facie case has no application under the pleading and proof in this case.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback*, Judge.

REVERSED AND REMANDED.

*Elijah Robinson* for appellant.

(1) Plaintiff's own witness testified that the flood was sudden, extraordinary and unprecedented, and such as could not have been anticipated. It was, therefore, an act of providence for the consequences of which the defendant was not liable. It necessarily follows that if the bran in question was destroyed by said flood, the

plaintiff cannot recover. Woolsey-Stahl Hay Co. v. Railroad, 113 Mo. App. 651; Moffatt Com. Co. v. Railroad, 113 Mo. App. 544; Grier v. Railroal, 108 Mo. App. 565; 13 Am. and Eng. Ency. Law (2 Ed.), 721 and cases there cited; 4 Elliott on Railroads, sec. 1455; Clark v. Railway, 39 Mo. 184; Ballentine v. Railway, 40 Mo. 491. (2) Plaintiff's own evidence shows that the bran in question was destroyed in the flood. (3) Unless the plaintiff's testator made demand for the bran in question, and defendant failed to comply with such demand, it is not in default, and plaintiff cannot recover. Moore on Carriers, sec. 34, p. 207; Railroad v. Bevens, 13 Ind. 263; Wells-Fargo & Co. v. Windham, 1 Tex. Civ. App. 267; Farrett v. Railroad, 74 Minn. 477; Railroad, v. Sullivan, 14 Ga. 279; Bird v. Railroad, 72 Ga. 655; Gregg v. Railroad, 147 Ill. 556; Cole v. Railroad, 21 Mo. App. 451; Buddy v. Railroad, 20 Mo. App. 206.

*Sherman & Fletcher* for respondent.

(1) Demand by plaintiff's testator was not necessary under the pleadings. We have noted the authority cited by counsel of the defendant under subdivision three, and fail to see the applicability of any of them. (2) If the defendant, therefore, desires to defend on the ground that delivery was not made for the reason that no demand was made, it is necessary to plead the same. 3 Ency. Pl. and Pr., 858; Northrup v. Ins. Co., 47 Mo. 435; Read v. Railway, 60 Mo. 199; Huber Mfg. Co. v. Hunter, 87 Mo. App. 50; Edison v. Lewis, 86 Mo. App. 616.

BROADDUS, P. J.—The plaintiff's testator was the consignee of a certain carload of bran shipped from Wichita over defendant's railroad to Kansas City, which plaintiff alleged was never delivered. Defendant answered to the contrary, that it was delivered. During the trial a witness for the plaintiff made the statement

that he had been informed by the agents of the defendant that the bran had been destroyed in a flood. Whereupon the defendant's counsel upon a proper showing was allowed to amend the answer by alleging that it had been destroyed by an unprecedented flood and that its destruction was unavoidable.

The court then asked plaintiff's counsel if he desired to file a reply, the latter answered yes. Defendant's counsel then said: "His reply is in there and that covers everything. He can refile it afterwards, anything he wants to file, I don't care." Plaintiff's counsel then said, "If it was destroyed by the flood we will allege that the flood was not the proximate cause, but that it was the negligence of the defendant that caused it to be destroyed." By consent of both parties the court made the following statement: "By consent of both parties the jury will understand that in addition to the answer the defendant railway company filed, the railway company has made an addition to its answer claiming that the goods were destroyed by an unprecedented flood. This, the plaintiff denies; the plaintiff denies that the flood, if any, was the proximate cause of the loss, but states that the loss, if any, due to the flood, was due to the negligence of the defendant railway company." Afterwards the plaintiff moved that the evidence of the witness, who stated that he had been informed by defendant's agent that the bran had been destroyed in the flood, be stricken out. The court overruled the motion and plaintiff excepted. Harvey, the witness who made the statement, was the business manager of the deceased.

One of the contentions of the defendant is that the plaintiff was not entitled to recover, as the evidence showed that the bran was destroyed in the flood which was proven to be unprecedented. But as we view the question there was no evidence of its destruction by the flood. Had the defendant prevailed, the failure to strike out the said statement would have been good ground for

reversal. It was the merest of hearsay testimony and should have been striken out. At the time the witness made the statement there was no such issue before the jury and no exception was made to its competency. It was elicited by defendant's counsel who asked him if he knew what had become of the bran. When it became an issue, plaintiff had a right to have it withdrawn from the jury on the ground of its incompetency.

As it was not shown that the deceased made demand for the bran, it is contended that plaintiff was not entitled to recover. As the pleadings stood at the trial, the petition alleged demand and refusal to deliver the bran. These allegations the answer denied and by way of new matter set up that it had been destroyed in an unprecedented flood without fault upon the part of defendant. The reply put in issue the new matter and further set up that if the bran was destroyed it was through the negligence of defendant. As there was no evidence that the consignment was destroyed by flood, it was incumbent upon plaintiff to prove demand and failure to deliver. [Cole v. Railway, 21 Mo. App. 443.] The contract provided that the defendant would carry the consignment to Kansas City, there to be delivered to the order of the consignor, and notify P. E. Burrough (deceased). When the bran arrived at Kansas City, it was the duty of defendant to deliver it to the consignor or its order and notify P. E. Burrough. But delivery could not have been made except upon demand either by the consignor, or to the party holding its order.

It is true that it is held that where a delivery of the goods to the carrier is shown and a subsequent loss thereof, the plaintiff had made out a prima facie case. [Davis v. Railway, 89 Mo. 340; Grier v. Railroad, 108 Mo. App. 565.] But as the petition did not allege a loss of the shipment and as there was no such proof, the principle does not apply.

Another question raised by appellant cannot be con-

sidered as it could have no application in the absence of proof that the bran was destroyed by the flood.

For the error pointed out we will reverse and re- mand the cause for another trial. All concur.